UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SE PROPERTY HOLDINGS, LLC,
as successor by merger with Vision Bank,
    Plaintiff,

vs.                                               Case No.:  3:15cv554/MCR/EMT

RUPERT PHILLIPS, HCB FINANCIAL
CORP., and PHILLIPS CAPITAL
PARTNERS, INC.,
    Defendants.
_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated May 24, 2016, ECF No. 57.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  After considering the parties' arguments and this court's record in a previous related action, *SE Property Holdings, LLC v. HCB Fin'l Corp.*, Case No. 3:13cv6/MCR/CJK, the Magistrate Judge determined that Defendant Rupert Phillips had waived his right to object to counsel's conflict of interest.  The Magistrate Judge therefore recommends that the court deny Defendant Rupert Phillips's Verified Motion to Disqualify Plaintiff's Counsel.  The parties have been given an opportunity to object.

Phillips objects to the recommendation on grounds that the Magistrate Judge failed to hold an evidentiary hearing and failed to consider the evidence he presented in his supplemental declaration.  Phillips maintains that a finding of waiver is not justified considering the nature of the conflict during the prior action, which he asserts presented only a *potential* conflict not an *actual* conflict at that time, and he argues that the Magistrate Judge failed to consider that there is no prejudice to SE Property from disqualification.

Because the Magistrate Judge's determination of wavier could be made based on the court's records and Phillips's evidence regarding the waiver issue was filed six days late, there was no need to consider additional evidence nor was there a need to consider the factor of prejudice.  Phillips appeared as a witness in the prior case in a deposition and at trial, he attempted to appear at mediation as HCB's corporate representative, and the facts demonstrated his control over HCB.  SE Property's ability to collect on the deficiency judgment against the debtors, one of whom is Phillips, was the gravamen of the suit.  There was ample opportunity and motive for Phillips to move to disqualify SE Property's counsel in the prior case, and regardless of the reason, he made no attempt to do so.

Having considered the Report and Recommendation, the timely filed objections, ECF Nos. 61, 62, and the record, the Court has determined that the

objections should be overruled and the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1.      The timely filed objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation, ECF No. 57, is adopted and incorporated by reference in this Order.

2.      Defendant Rupert Phillips' Verified Motion to Disqualify Plaintiff's Counsel and Incorporated Memorandum of Law, ECF No. 20, is **DENIED**.

**DONE AND ORDERED** this 25th day of October, 2016.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**